Charles J. Gaughan, J.
The hearing on this motion to suppress physical evidence obtained from the premises of the defendants disclosed the following:
On February 23, 1965, the complaining witness, after being interviewed by members of the Buffalo Police Department was taken to the Buffalo City Court where she swore to an information charging the defendants with assault in the second degree (rape). Warrants for the defendants’ arrest were thereafter issued by a City Court Judge. Detectives McDonald and Faltisco, accompanied by the complainant, went to Number 39 Roseville, where the crime allegedly occurred a few hours before. There she identified a truck parked on the street as being owned by one of the defendants, and she further pointed out the alley she was dragged through and the building she was taken into. The detectives loudly and repeatedly announced their purpose and authority and demanded that they be allowed to enter the apartment. Receiving no response, they forced the door open. The landlady was aroused from another apartment. Upon questioning, *860 she identified a photograph, which previously had been identified by the complainant as one of her attackers, as being one of the occupants of the apartment at 39 Boseville. They searched all the rooms, including the closets, the bathroom and any place where a person could secrete himself but found no one present. The complainant was then brought into the apartment. There she pointed out the bed.in which she claimed the assaults took place. An inspection of the bed showed it to have unsoiled sheets, whereas the complainant claimed that she had bled profusely during the assaults. One of the detectives recalled seeing a clothes hamper with bedding in it in the bathroom. Beturning to it, he discovered blood-stained sheets and towels. A small reducing pill was found on the floor near the bed. The complainant stated that this pill had been in the pocket of her slacks when the defendants brought her to the apartment. These articles were seized by the detectives and are the object of the instant motion. One defendant was arrested approximately three hours later at a nearby tavern, while the other surrendered sometime thereafter.
The legality of the detectives’ presence in the apartment is not challenged. They were armed with valid warrants of arrest, based upon information which was continually reinforced by the complainant’s identification of the truck, the alley, house, apartment and bed and by the landlady’s identification of one of the defendants. The essential question is whether the police made an unlawful exploratory search, or lawfully and reasonably conducted a search incident to a lawfully attempted arrest. There are no rulings directly on this point in New York State.
There is no question that the defendants’ apartment could have been properly searched, had either or both of the defendants been present, or that a search warrant could have been obtained when it was discovered that the defendants were not in the apartment. But the courts cannot close their eyes to the realities of the situation and rule that every search is unreasonable simply because it precedes an arrest. Here, the detectives had valid warrants of arrest. They properly forced their way into the apartment, and properly searched for the defendants. The complainant was present and described where the alleged crimes occurred and under what circumstances. This court, in good conscience and in the furtherance of justice must hold that under the circumstances this search was reasonable and therefore lawful.
We are not holding that an arrest warrant may be a substitute for a search warrant. But we cannot say that when officers are validly and legally on the premises they must ignore evidence *861 of crime and wait long hours for the defendants’ return to arrest them before making a formal search and seizure in their presence. Nor can we say, where probable cause exists, that in such a situation, peace officers must leave and obtain a search warrant to seize that which they have already observed.
To require the defendants’ presence or a search warrant valid in the instant case would be a mere reversion to the forms of ancient legal fictions long since interred. The defendants’ motion is denied in all respects.