Irving B. Kendall, J.
On March 19, 1970, members of the Narcotics Squad of the Mount Vernon Police Department including Detectives Howard Tempro and Nicholas Columbo raided an apartment occupied by Rodney Smalls and his brother Galen Smalls at 241 South 9th Avenue.
The officers were armed with two warrants, one a warrant authorizing the arrest of Rodney Smalls on a charge of violation of probation, the other a search warrant authorizing the search of his person and of his apartment for narcotics.
Ooncededly the officers had no arrest warrant for the defendant Galen Smalls, nor did the search warrant authorize the search of his person.
The door to the Smalls apartment was opened by Rodney Smalls who ushered the raiding party into the apartment and was promptly advised by Detective Tempro that he was under arrest and that the officers had a search warrant for the premises.
In the course of the search which immediately followed in the Smalls’ bedroom, the defendant Galen Smalls, who was in the bedroom occupied by him and his brother, lying on top of a double-deck bunk bed in his pajamas, was observed by Detective Columbo reaching behind the bed and extracting from an area between the upper and lower levels of the bed what appeared to be a package of cigarettes and placing same in the breast pocket of his pajamas.
Observing this maneuver by the defendant, which was made while he was searching the bed area, Detective Columbo seized the package from the defendant’s pajama pocket, examined its contents, found five bags of heroin therein and placed the defendant under arrest on a charge of possession of dangerous drugs. The same charge was filed against Rodney Smalls in an information naming both brothers as codefendants.
*324 At the opening of the trial of the two brothers on the drug possession charge, counsel for the defendants moved to sever the trials on the ground that the defendant Galen Smalls by reason of his age was eligible to apply for youthful offender treatment. The motion to sever was granted and the separate trial of Rodney Smalls commenced. It was later revealed that Galen Smalls was 21 years of age and therefore ineligible for youthful offender treatment.
At the end of the People’s case, the complaint against Rodney Smalls was dismissed on the ground that the People had failed to prove actual or constructive possession by Rodney Smalls of the package of heroin taken from his brother Galen.
When the trial of the defendant Galen Smalls opened a week later, defense counsel moved to controvert the search warrant.
The motion to controvert was granted and the search warrant was struck down by the court because of the fatal omission of an essential detail relating to the reliability of the informant. The People concede that this court “ had no choice ” except to grant the motion to controvert.
Since the search warrant authorizing the search of the Smalls’ apartment for narcotics has been struck down for legal insufficiency, the question presented to this court on the motion to suppress is whether the police had a legal right to search Galen Smalls when all they had (as a result of the contravention of the search warrant) was a valid arrest warrant for his brother Rodney Smalls.
I have not found, nor has either the prosecution or defense presented to me any cases directly in point. However, it is my considered judgment that the question should be answered in the affirmative.
The cases hold that a search is either good or bad at its inception and that its character cannot be changed by the fact that it is successful.
Putting it another way, the cases on the law of search and seizure make the point that a search cannot be justified by what it turns up. (People v. O’Neill, 11 N Y 2d 148; People v. Loria, 10 NY 2d 368, 373; Beck v. Ohio, 379 U. S. 89.)
Applying case law to the facts herein, it would seem incumbent upon this court to rule that the concededly warrantless search of Galen Smalls was not validated by the fact that Detective Columbo happened to hit the jackpot.
However, this court “ cannot close [its] eyes to the realties of the situation ” (People v. Olszowy, 47 Misc 2d 859, 860) and after ft-sramining the facts and circumstances in the instant ease, this court finds:
*325 (a) Detectives Tempro and Columbo and their fellow officers were validly and legally in the Smalls’ apartment at the time the search of the person of Galen Smalls took place by virtue of the concededly valid arrest warrant for Rodney Smalls.
(b) The fact that the search warrant was successfully controverted because it did not set forth the reliability of the unnamed police informant did not operate to divest the police officers of their personal belief in the informant’s credibility nor of conclusions they had drawn from prior personal observations of the Smalls’ apartment nor did it divest them of their authority and duty to take such police action as their common sense, observations and expertise as experienced narcotic officers impelled them to take.
(c) Detective Columbo had reasonable and probable cause to believe that a crime was being committed in his presence when in the course of a lawful search of the apartment incidental to the arrest of Rodney Smalls he observed the defendant Galen Smalls move an object from a hiding place behind the bed into the breast pocket of his pajamas.
(d) As a trained narcotics officer observing this maneuver being carried out before his very eyes, it was reasonable and logical for him to conclude that the package contained “contraband ”. Under the prevailing conditions, the movement was evidence of conscious guilt on the part of defendant Galen Smalls.
(e) The police had a right to search the Smalls’ bedroom as an incident to the lawful arrest of Rodney Smalls.
In the light of these findings, should this court hold that the police officers should have left the Smalls’ apartment and returned with another warrant authorizing the search of the person of Galen Smalls? We think not!
‘ ‘ The relevant test is not whether it is reasonable to procure a search warrant, but whether the search was reasonable. That criterion in turn depends upon the facts and circumstances — the total atmosphere of the case ’ ’. (United States v. Rabinowitz, 339 U. S. 56, 66.)
We hold that the search of the defendant Galen Smalls was a reasonable one and accordingly, the defendant’s motion to suppress the evidence seized by Detective Columbo is denied.
As to the defendant’s motion to dismiss the information on the ground that the People have failed to prove the defendant’s guilt beyond a reasonable doubt of knowingly possessing dangerous drugs, this motion is also denied and the defendant is found guilty.
*326 While it is true that there was no direct evidence offered by the People to establish that the defendant knowingly possessed the dangerous drugs, there was ample circumstantial evidence to warrant a finding by this court that the possession was a knowing one.
Cases on circumstantial evidence hold that absolute certainty is not required when the evidence logically points to the defendant’s guilt. (See People v. Regina, 19 N Y 2d 65; People v. Eckert, 2 N Y 2d 126; also People v. Fiordilino, 32 A D 2d 692.)
The evidence offered by the People as to the conduct of the defendant Galen Smalls excluded to a moral certainty, though perhaps not to an absolute or metaphysical certainty, every other hypothesis consistent with his innocence and therefore meets the required test for certainty of circumstantial evidence.
Sentence will be adjourned by this court until July 1 pending receipt of a presentencing report. The defendant is paroled in his own custody on condition that he immediately go to the County Probation Department for processing of such report.